NO. 07-11-00400-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 15, 2012

---

MERIDITH ANN KNIGHT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE COUNTY COURT AT LAW NO. 2 OF BRAZOS COUNTY;

NO. 09-04792-CRM-CCL2; HONORABLE JAMES W. LOCKE, JUDGE

---

Before CAMPBELL  and HANCOCK, JJ. and BOYD, S.J.[1]

**ON ABATEMENT AND REMAND**

Appellant, Meridith Ann Knight, appeals from conviction for the offense of possession of marijuana in an amount less than two ounces, and sentence of 180 days incarceration in the Brazos County Jail, and $2,000 fine. Appellant filed notice of appeal on August 30, 2011. By order of the Texas Supreme Court, this appeal was transferred from the Tenth District Court of Appeals to this Court on October 11, 2011. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). The Clerk's Record was filed on October 18,

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

2011.  This Court entered an order of abatement and remand of this appeal for entry of the trial court's certification of defendant's right of appeal on December 16, 2011.  See Knight v. State, No. 07-11-0400-CR, Tex.App. LEXIS 9942 (Tex.App.—Amarillo Dec. 16, 2011) (order).  The appeal was reinstated when a supplemental clerk's record containing a certification was received by this Court on January 10, 2012.

Following reinstatement of the appeal, by letter dated February 27, 2012, this Court notified the official court reporter that the reporter's record in this case had been due to be filed no later than February 9, 2012, and directed the reporter to advise this Court of the status of the reporter's record on or before March 8, 2012.  To date, we have neither received the reporter's record nor any response to this Court's February 27, 2012 directive.

Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings.  See TEX. R. APP. P. 35.3(c).  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the status of the preparation of the reporter's record, and to enter any order necessary under the present circumstances to ensure that the reporter's record is filed as soon as practicable.

The trial court shall cause the hearing to be transcribed.  In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments

2

presented at the aforementioned hearing. The trial court shall then file the supplemental clerk's record and supplemental reporter's record with the clerk of this Court on or before April 13, 2012. Should further time be needed by the trial court to perform these tasks, same must be requested before April 13, 2012.

It is so ordered.

Per Curiam

Do not publish.